UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARINDER TOOR & KAMALJOT GILL,<br><br>    Petitioners,<br><br>    v.<br><br>HILLARY RODHAM CLINTON,<br>Secretary of State, et al.<br><br>    Respondents. | 1:09-CV-F-279-OWW-GSA<br><br>MEMORANDUM RE: RESPONDENTS' AMENDED MOTION TO DISMISS FOR LACK OF JURISDICTION AND RENEWED OPPOSITION TO MOTION FOR A PRELIMINARY INJUNCTION (Doc. 21.) |

## I. <u>INTRODUCTION</u>.

This is an immigration case brought by Petitioners Harinder Toor ("Toor"), a U.S. Citizen, and his fiancé Kamaljot Gill ("Gill"), a citizen and national of India, following the Consular General of India's denial of Gill's nonimmigrant visa application. Petitioners claim that the Consular General of India has a non-discretionary duty to reconsider denied visas under 22 C.F.R. § 42.81(e); and, in Gill's case, that the U.S. Embassy violated this duty when it returned Gill's case to the Department of State's National Visa Center ("NVC") for further review.

This matter is before the court on the following motions:

1

first, the Petitioners' motion for a preliminary injunction (Doc. 7.); and second, the Respondents' motion to dismiss the case based on the court's lack of subject matter jurisdiction and for failure to state a claim for which relief can be granted (Doc. 21.), which was filed in response to Petitioners' motion.

## II.   **FACTUAL BACKGROUND.**[1]

On January 28, 2008, Toor filed a petition with the U.S. Citizenship and Immigration Services ("USCIS") to have his fiancé, Gill, classified as a nonimmigrant under the Immigration and Nationality Act, 8 USC § 1101(a)(15)(K).  (Compl. ¶ 16.)  Toor sought to have Gill classified as an alien who seeks to enter the United States to conclude a valid marriage within 90 days.[2]  (*Id*. ¶ 23.)  On June 2, 2008, the USCIS approved Gill's Petition for Fiancee (form I-129F) and forwarded the approved petition to the NVC.  (*Id*. ¶ 23.)  On June 9, 2008, the NVC sent Gill's case to the U.S. Embassy in New Delhi, India (the "Embassy").  (*Id*. ¶ 23)

On June 18, 2008, the Embassy issued a letter to Gill instructing her to apply for her nonimmigrant visa on form DS-230. The letter also explained that she would be required to provide additional documentation at an upcoming interview.  (*Id*. ¶ 23.) Gill submitted form DS-230 and the Embassy scheduled Gill's interview for October 16, 2008.  (*Id*. ¶ 24.)

Following the interview on October 16, 2008, the Embassy

---

[1] The facts are taken from Petitioners' Complaint and Petition for Writ of Mandamus.  (*See* Pl.'s Compl. & Writ of Mandamus ("Compl."), filed February 12, 2009.)

[2] Petitioners were engaged in January 2008.  (Compl. ¶ 16.)

**2**

**declined to issue a visa to Gill and requested that she submit additional documentation to an Embassy sub-office. (*Id*. ¶ 27.) On December 15, 2008, Gill submitted additional documentation to the Embassy sub-office in Chandigarh, India. (*Id*. ¶ 28.)**

**On January 27, 2009, Gill went to the Embassy's sub-office to pickup a letter concerning her visa petition. (*Id.* ¶ 33.) The letter, dated January 14, 2009, informed Gill that the Consular General of India declined to issue a visa to her at that time. The letter stated that her petition was being returned to the NVC and that no further action was to be taken by the Embassy regarding her immigration visa case. (*Id.*)**

**On January 16, 2009, Gill's petition was sent to the NVC by consular post. (*See* Respondents' Amended Motion ("RAM"), 4:24-4:26, filed March 17, 2009.) On February 19, 2009, the NVC forwarded the petition to USCIS for review and possible revocation of the visa petition. (*Id.*) The petition is currently under review with USCIS. (*Id.*)**

### III.   PROCEDURAL BACKGROUND

**On February 12, 2009, Petitioners filed a Petition for Writ of Mandate pursuant to 28 U.S.C. § 1361 and Complaint pursuant to the Administrative Procedures Act ("APA") against the following individuals:[3]  Secretary of State Hillary Clinton, Consul General Peter Kaestner of the U.S. Embassy in New Delhi, India, Secretary of the U.S. Department of Homeland Security Janet Napolitano,**

---

[3]  The petition and complaint will be collectively referred to as "the complaint."

3

Director of the USCIS Jonathan Scharfen, and USCIS's California Service Center Director Christina Poulos, (collectively, "Respondents"). (Doc. 2.) Petitioners state that the U.S. Embassy in India refused to lawfully adjudicate Gill's visa petition in accordance with the Immigration and Nationality Act ("INA") and its regulations.

On February 13, 2009, Petitioners moved for a temporary restraining order and preliminary injunction, seeking to enjoin the U.S. Embassy in India from returning Gill's nonimmigrant visa petition to either the NVC or the USCIS. (Doc. 6-7.) Petitioners argued that the return of the petition will cause irreparable harm in that it will result in denying Petitioners an opportunity to proceed with their planned marriage. (*Id.*)

Respondents filed their opposition to Petitioners' motion for injunctive relief on February 19, 2009. (Doc. 17.) Respondents argued that the temporary restraining order and preliminary injunction motions were moot as Gill's petition had already been sent to the NVC and, from there, to the USCIS. (*Id.*) Respondents further argued that the Court lacked subject matter jurisdiction to consider Petitioners complaint because: (1) the complaint is barred by the doctrine of consular non-reviewability; (2) Petitioners have not exhausted their administrative remedies pursuant to INA § 214(d); and, (3) the decision to forward Gill's application to the NVA is a matter committed to agency discretion. (*Id.*) Respondents requested an extension of time to complete briefing on its motion to dismiss under FRCP 12(b)(1). (*Id.*)

The parties appeared before the court on February 20, 2009, for argument on Petitioners' request for a temporary restraining

order.  The court denied Petitioners' motion for a temporary restraining order and held that the letters sent to Gill on October 16, 2008 constituted a denial of the visa petition as defined by 22 C.F.R. 42.81(b).  (Doc. 18.)  The court did not rule on Petitioners' motion for a preliminary injunction. (*Id*.)  The court set a supplemental briefing schedule and requested Respondents file a response to Petitioners' preliminary injunction motion by March 13, 2009. (*Id*.)  Petitioners reply was due March 27, 2009.  (*Id*.)

On March 13, 2009, Respondents filed a motion to dismiss for lack of jurisdiction and renewed opposition to Petitioners' motion for a preliminary injunction.[4]  (Doc. 19.)  Respondents amended their motion and opposition on March 17, 2009.  (Doc. 21.) Respondents reiterated that the case should be dismissed for lack of subject matter jurisdiction based on one of three grounds:  (1) consular non-reviewability; (2) exhaustion; and, (3) agency discretion.  (*Id*.)

Petitioners filed their opposition to Respondents' motion to dismiss on March 27, 2009.  (Doc. 22.)  Petitioners oppose Respondents' motion on the grounds that the court has jurisdiction pursuant to 28 U.S.C. 1361, which provides for writs of mandamus to compel an officer or employee of the United States to perform a duty owed to the plaintiff.  Petitioners argue that mandamus relief is appropriate because the Embassy declined to perform its non-discretionary, ministerial duty to reconsider Gill's denied visa under 22 C.F.R. 42.81(e), instead unlawfully returning it to the

---

[4] Respondents' reasserted their position that Petitioners' requests for temporary injunctive relief were moot as the application had already been forwarded.

NVC.

### A. Petitioners' APA Claim.

In their opposition, Petitioners abandon their argument under the Administrative Procedures Act. (Opp'n at 6:14-6:17.) Petitioners state that because "the scope of this Court's mandamus jurisdiction provides an adequate remedy for Petitioners, they limit their arguments in favor of jurisdiction to 28 U.S.C. § 1361." (*Id.*) As such, Respondents' motion is GRANTED to dismiss Petitioners' Complaint under the APA.

### IV. LEGAL STANDARD

**A.   Rule 12(b)(1)**

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a motion to dismiss for lack of subject matter jurisdiction. It is a fundamental precept that federal courts are courts of limited jurisdiction. Limits upon federal jurisdiction must not be disregarded or evaded. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). The plaintiff has the burden to establish that subject matter jurisdiction is proper. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over the action. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); Fed.R.Civ.P. 8(a)(1). When a defendant challenges jurisdiction facially, all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from

the face of the pleading itself. *Thornhill Publishing Co. v. General Telephone Electronics*, 594 F.2d 730, 733 (9th Cir.1979); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977).

A defendant may also attack the existence of subject matter jurisdiction apart from the pleadings. *Mortensen*, 549 F.2d at 891. In such a case, the court may rely on evidence extrinsic to the pleadings and resolve factual disputes relating to jurisdiction. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir.1989); *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir.1987). "No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Thornhill Publishing*, 594 F.2d at 733 (*quoting Mortensen*, 549 F.2d at 891).

## V.   DISCUSSION

In this case, the parties agree on the status of Gill's nonimmigrant visa application. (Opp'n at 3:9-3:12; Mot. at 3:5-3:8.) The only question is whether Petitioners are entitled to seek (and, whether this Court has jurisdiction to grant) relief ordering Respondents to reconsider the petition pursuant to 22 C.F.R. § 42.81(e).

Petitioners argue that 28 U.S.C. § 1361 supports jurisdiction and their claims for relief because 22 C.F.R. § 42.81(e) provides the consular official with a clear, certain, and nondiscretionary duty to reconsider Gill's visa. Respondents contend that § 41.82(e) does not mandate that the visa petition remain at the

local embassy during the reconsideration process and that mandamus relief is inappropriate as the doctrine of consular non-reviewability bars the Petitioners' complaint.

**A. <u>Jurisdiction</u>**

Jurisdiction over mandamus actions exists "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.  However, mandamus is an extraordinary remedy.  *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994) (*citing Stang v. IRS*, 788 F.2d 564, 565 (9th Cir. 1986)).  A district court may issue a writ of mandamus under § 1361 "only when (1) the plaintiff's claim is 'clear and certain'; (2) the defendant official's duty to act is ministerial, and 'so plainly prescribed as to be free from doubt'; and (3) no other adequate remedy is available." *Barron*, 13 F.3d 1370.  As a general rule, "mandamus may not be used to impinge upon an official's legitimate use of discretion." *Id.* at 1376.  The only exception exists when "statutory or regulatory standards delimiting the scope or manner in which such discretion can be exercised ... have been ignored or violated." *Id*.

Respondents contend that the consular official has already adjudicated Gill's visa application, and that the doctrine of consular non-reviewability bars the court from reviewing that decision.[5]  Under the doctrine of consular non-reviewability, "it

---

[5] Specifically, the U.S. Embassy in India refused Gill's visa application under section 221(g).  This refusal satisfied the duty owed to Gill under 22 C.F.R. § 42.81(a) -- namely, to "issue or refuse the visa under INA 212(a) or INA 221(g) or other applicable law."

8

is generally true that courts do not review judgments regarding alien admissibility made by executive officers outside the United States." *See, e.g., Li Hing of Hong Kong v. Levin*, 800 F.2d 970, 970 (9th Cir. 1986) ("The doctrine of non-reviewability of a consul's decision to grant or deny a visa stems from the Supreme Court's confirming that the legislative power of Congress over the admission of aliens is virtually complete."); *Ventura-Escamilla v. INS*, 647 F.2d 28, 30 (9th Cir. 1981) (holding that we lack jurisdiction when "the relief sought is a review of the Consul's decision denying their application for a visa"). This aligns the Ninth Circuit with courts nationwide. *See, e.g., Centeno v. Shultz*, 817 F.2d 1212, 1214 (5th Cir. 1987) ("This result is in accord with our prior holdings that decisions of United States consuls on visa matters are not reviewable by the courts."); *Saavedra Bruno v. Albright*, 197 F.3d 1153, 1159-60 (D.C. Cir. 1999) ("For the greater part of this century, our court has therefore refused to review visa decisions of consular officials.").

Petitioners argue that the consular non-reviewability doctrine does not apply because they are "challenging the Consular's decision to return their case without performing the nondiscretionary, ministerial duty owed to them to seek reconsideration." (Opp'n at 8:24-8:28.) The essence of Petitioners' challenge is to the process by which Respondent U.S. Embassy reviews and reconsiders Gill's visa application. The Ninth Circuit recently held in an unpublished disposition that a "challeng[e] [to] the process followed by the consulate rather than its ultimate decision does not exempt this case from th[e] well-settled doctrine" of consular nonreviewability since "[a]t its

9

core, the relief sought ... would require the [] consulate to revisit its decision denying the visa applications[; and,] [i]ssuing such relief would be exactly what the doctrine of consular nonreviewability prevents [federal courts] from doing." *Capistrano v. Dep. of State*, 2008 U.S. App. LEXIS 4246, at *1;[6] *see also Aggarwal v. Sec'y of State*, 951 F. Supp. 642, 649 (S.D. Tex. 1996) (holding consular nonreviewability doctrine barred plaintiff's suit which alleged procedural due process claim based on lack of opportunity to rebut reason for visa denial decision).

Petitioners cite *Patel v. Reno*, 134 F.3d 929, 931-32 (9th Cir. 1997), in support of their argument that the consular non-reviewability doctrine is inapplicable. In *Patel*, the Ninth Circuit held that "when [a] suit challenges the authority of the consul to take or fail to take an action as opposed to a decision within the consul's discretion," the consular nonreviewability doctrine does not bar jurisdiction. *Id*. However, "Patel simply holds that where a consular officer has a nondiscretionary duty to act but refuses to do so, the court can grant mandamus relief and force the consulate to issue a decision." *Nwansi v. Rice*, 2006 U.S. Dist. LEXIS 52736, at *3 (N.D. Cal. 2006). Unlike the present case, the government in Patel admitted that it was holding the visa application in abeyance - i.e., that it refused to make a decision. Here, by contrast, the government asserts that it made a decision by refusing Gill's visa application for lack of adequate

---

[6] This decision is citable under Federal Rule of Appellate Procedure 32.1 and Ninth Circuit Rule 36-3. Although *Capistrano* is not binding precedent (Ninth Circuit Rule 36-3), its reasoning is persuasive.

documentation under section 221(g); in fact, it is undisputed that Gill received a form from the Embassy refusing her visa application because she was found to be ineligible. This case and Patel arise under very different facts, and Patel does not stand as a binding decision that all refusals require reconsideration by the local embassy within one year.

Petitioners argue that the local consular official has a "regulatory imperative" to reconsider Gill's visa under 22 CFR 41.82(e). (Opp'n at 7:5-7:8.) Although 22 CFR 41.82(e) provides for reconsideration where the applicant provides "further evidence tending to overcome the ground of ineligibility on which the refusal was based" within one year from the date of refusal, § 41.82(e) does not prohibit the local consular from sending the visa case to the Department for further review. Specifically, § 41.82(e) does not mandate that the visa petition remain at the local embassy during the reconsideration process nor does it forbid the local consular official to consult with the Department.[7] The lack of limiting language - or any relevant language supporting Petitioners' argument - is inconsistent with the specificity used throughout 22 C.F.R. § 42.81. *See* C.F.R. § 42.81(a) (the consular

---

[7] Section 41.82(e) does not mention the local embassy, consular officials, or that the local embassy has an affirmative duty to conduct the reconsideration. Section 42.81(e) states:
> (e) Reconsideration of refusal. If a visa is refused, and the applicant within one year from the date of refusal adduces further evidence tending to overcome the ground of ineligibility on which the refusal was based, the case shall be reconsidered. In such circumstance, an additional application fee shall not be required.

11

**officer must either issue or refuse the visa [...]"); 22 C.F.R. § 42.81(b) ("[a] consular officer may not refuse an immigrant visa [...]").  Thus, while 22 C.F.R. § 42.81(e) allows for reconsideration of a denied visa, it does not impose a "regulatory imperative" on local embassy officials prohibiting them from returning the visa case to the Department for further review.[8]**

**For the reasons discussed above, no writ of mandamus should issue in this case.  It is undisputed that Gill's visa application was refused under section 221(g).  This refusal satisfied the duty owed to Gill under 22 C.F.R. § 42.81(a) - namely, to "issue or refuse the visa under INA 212(a) or INA 221(g) or other applicable law" – and Petitioners have pointed to no authority imposing on Respondents any other duty, such as a duty that reconsideration must be performed at the local embassy within one year. Petitioners have failed to convince the Court that the return of Gill's visa to the U.S. is not properly construed as part of the ongoing review of Gill's application and § 42.81(e)'s reconsideration process.  This is exactly the type of action that is barred by the consular non-reviewability doctrine.**

**Respondents' motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND.**

**B.    Motion for Preliminary Injunction**

---

[8] Petitioners further attempt to argue that the "Consular's return of a case to USCIS is only permitted in instances where in lieu of 'issuance or refusal' of visa, the Consular suspend or terminates adjudication pursuant to C.F.R. § 42.43." (Opp. 10:20-10:23.)  This is not accurate.  Local consular officials are permitted to return refused visa applications to the Department for further review.  INA § 214(d), 8 U.S.C. § 1184(d).

**12**

A preliminary injunction is a device for preserving the status quo and preventing the irreparable loss of rights before a judgment in the suit. *See Textile Unlimited, Inc. V. A..BMH and Co., Inc.*, 240 F.3d 781, 786 (9th Cir. 2001). To qualify for injunctive relief, a plaintiff must demonstrate either a combination of probable success on the merits and the possibility of irreparable injury, or the existence of serious questions going to the merits and that the balance of the hardships tips sharply in his favor. *See GoTo.com, Inc. v. Walt Disney, Co.*, 202 F.3d 1199, 1204-05 (9th Cir. 2001). Even if the balance of hardships tip decidedly in the favor of the moving party, however, it must be shown as a an irreducible minimum that there is a fair chance of success on the merits. *See Johnson v. California State Bd. of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995).

Since the court has granted Respondents motion to dismiss Petitioners' complaint for lack of subject matter jurisdiction, the court concludes that Petitioners have neither a probability of success nor a fair chance of success on their claim. Petitioners' motion for a preliminary injunction is DENIED.

### IV. CONCLUSION.

Based on the above memorandum opinion, the Court ORDERS that:

1.   Respondents' motion to dismiss Petitioners' Complaint under the Administrative Procedures Act is GRANTED.

2.   Respondents' motion to dismiss Petitioners' Mandamus action is GRANTED.

13

   3.   Petitioners' motion for a preliminary injunction is **DENIED**.

IT IS SO ORDERED.

Dated:   **June 3, 2009**              **/s/ Oliver W. Wanger**
                                     UNITED STATES DISTRICT JUDGE